**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 28, 2020[*]
Decided June 8, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2571

| | |
|---|---|
| ANDRE V. POWELL, *Petitioner-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:19-CV-297-RLM-MGG |
| JOHN GALIPEAU, *Respondent-Appellee*. | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

Andre Powell petitioned for a writ of habeas corpus challenging the revocation of his placement in a community re-entry program without notice or a hearing. The district court denied the petition and Powell appealed. Because Powell has since been released from prison, a live controversy no longer exists and we therefore vacate and remand to the district court with instructions to dismiss the case as moot.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In 2013 Powell was convicted of Class B felony burglary and sentenced to 18 years' incarceration. While serving his sentence, Powell was placed in a work-release program at the South Bend Community Re-Entry Center and assigned to jobs with the Indiana Department of Natural Resources and the South Bend Cubs, a minor league baseball team. But after several infractions (Powell was caught stealing from both the Cubs and the Re-Entry Center, and he failed to show up for work at the Department of Natural Resources), the Indiana Department of Correction revoked his placement in the work-release program and transferred him to Westville Correctional Facility. Only after the transfer did Powell receive any kind of a hearing.

In his petition under 28 U.S.C. § 2241, Powell asserted that his transfer to Westville without prior notice or a hearing violated due process, and that his transfer violated his equal protection rights because he was sanctioned more severely than similarly situated offenders. The district court denied the petition, concluding that Powell had no constitutional liberty or property interest in a work-release program and, as a result, he was not entitled to due process before his transfer. And even if he had been entitled to due process, his claim would not be cognizable in habeas corpus because the revocation of his placement did not alter the fact or duration of his confinement.

On appeal Powell challenges the district court's determination that habeas corpus was not the correct means by which to contest his transfer. The parties, at our direction, filed jurisdictional statements addressing whether this appeal should be dismissed as moot in light of information from the warden that Powell since has been transferred into a community-transition program and soon would be released from prison.

Our jurisdiction is limited to live "cases and controversies." U.S. Const. Art. III, § 2; *see United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950); *Auto Driveaway Franchise Systems, LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674 (7th Cir. 2019). A petition for a writ of habeas corpus becomes moot after a petitioner is released from custody unless the petitioner will suffer sufficient collateral consequences from the feature of his custody that he is challenging. *See Spencer v. Kemna,* 523 U.S. 1, 7–14 (1998); *Lane v. Williams,* 455 U.S. 624 (1982); *Tara Gold Res. Corp. v. S.E.C.*, 678 F.3d 557, 559 (7th Cir. 2012). Although we presume that a criminal conviction has collateral consequences, we do not extend that presumption with respect to prison disciplinary proceedings. *Spencer*, 523 U.S. at 7–16; *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) (collecting cases).

The parties' submissions confirm that the case is moot. Powell has been released from Westville. According to the Indiana Department of Correction's website, Powell was released from the facility on February 21, 2020, and "[r]eturned to court authority on release." *Offender Data: Andre Powell*, IND. DEP'T OF CORRECTION, https://www.in.gov/apps/indcorrection/ofs/ofs?previous_page=1&detail=951140 (last visited May 20, 2020). On March 4 Powell filed notice of a change of address from Elkhart County Work Release to the Faith Mission in Elkhart. *See Powell v. Galipeau*, No. 19-2571 Doc. 19 (7th Cir.). Powell's departure from Westville means that he cannot "obtain 'any potential benefit' from a favorable decision." *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) (quoting *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001)). Powell already has received the relief he sought—his release from Westville—and there is no further relief that the facility can provide him. Further, Powell does not identify, let alone establish, any potential collateral consequences to the revocation of his work-release. *See Spencer v. Kemna*, 523 U.S. 1, 7–14 (1998); *Lane v. Williams*, 455 U.S. 624 (1982); *Tara Gold Res. Corp. v. S.E.C.*, 678 F.3d 557, 559 (7th Cir. 2012).

To the extent he wishes to raise a constitutional challenge to his transfer to a new facility, he must bring an action under 42 U.S.C. § 1983 or another statute authorizing damages or injunctions. *Isby v. Brown*, 856 F.3d 508 (7th Cir. 2017).

We VACATE the judgment and REMAND with instructions to dismiss the litigation as moot.